———o———

WILLIAM J. J. RITCHIE, Appellant, *vs.* BUCHANAN COUNTY, Respondent.

1. *U. S. bounties—Buchanan County—Orders for bounty money by—Claim for bounty by previously enlisted soldiers.*—By the terms of an order issued Aug. 2nd, 1864, by the County Court of Buchanan County $120,000 of bounty money was appropriated to those who "shall volunteer for the service of the United States." A subsequent order gave practical effect to the first by declaring an apportionment of $200 bounty to those who "have and may volunteer in the United States service." *Held*, that one entering the service prior to the first order had no claim on the county, for the bounty in said orders provided for. The operation of the orders were prospective merely.

*Appeal from Buchanan Circuit Court.*

*James W. Boyd,* for Appellant.

*H. M. Ranney,* for Respondent.

SHERWOOD, Judge, delivered the opinion of the court.

The plaintiff enlisted in the service of the United States, on the 21st day of July, 1864, for a term of one year, and four days thereafter was mustered into such service and accredited to the enrolment of Buchanan County, and continued in such service until the expiration of the period of his enlistment.

On the 2nd day of August, 1864, the County Court of that county, made an appropriation of $120,000, to be applied to the payment " of bounties of soldiers, to be credited to the enrolment of this county, whoever shall volunteer for the service of the United States, and be accepted by the proper officer."

On the 20th day of August, 1864, a further order was made by the County Court, giving practical effect to the first one by making provision for raising the requisite sum by taxation, and providing that the sum of $200 should be paid to each soldier who had, or who should comply with the terms and conditions of the first order. Of the sum thus ordered to be raised for the aforesaid purpose, only $87,800 was expended, leaving a balance in the treasury of $32,200.

A petition asking judgment on the foregoing facts, was held insufficient on demurrer; and this is the only question this record presents.

It would seem too plain for argument, plaintiff having enlisted prior to these orders being made, although he enlisted in the service of the United States, and was credited to the Buchanan County *quota*, the orders could by no possibility have reference to him, as his enlistment was an accomplished fact, long before the orders were made. And it was obviously out of the power of the plaintiff to accept the terms or comply with conditions of those orders, the sole object of which was prospective and the encouragement of enlistment in the future.

The words in the order last mentioned, " to pay bounties to those who have and may volunteer in the United States service," clearly have reference to those who, either since the first order was made, had entered the United States service, or who thereafter might do so.

Judgment affirmed, all the judges concur.